1
2
3
4
5
6
7
8                       UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   LONNIE DAWSON,                          Case No.   1:19-cv-00293-JDP

12                   Petitioner,              ORDER TRANSFERRING THE CASE TO
                                              THE SOUTHERN DISTRICT OF WEST
13        v.                                  VIRGINIA

14   PARR,                                    ECF No. 1

15                   Respondent.

16   _____

17          Petitioner Lonnie Dawson, a federal prisoner proceeding without counsel, seeks a writ of

18   habeas corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Petitioner was convicted and sentenced

19   in the United States District Court for the Eastern District of Pennsylvania.  Petitioner was

20   formerly incarcerated in this district.  On September 16, 2019, petitioner gave notice to this court

21   that he was transferred to the Federal Correctional Institution in Beckley, West Virginia.

22   ECF No. 7.

23          Jurisdiction in a § 2241 petition is proper in the district that has jurisdiction over the

24   petitioner's custodian.  *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 495 (1973);

25   *Harrison v. Ollison*, 519 F.3d 952, 956 (9th Cir. 2008); *Brittingham v. United States*, 982 F.2d

26   378, 379 (9th Cir. 1992) (per curiam) (the proper district court for a § 2241 petition is the one

27   with jurisdiction over the warden of the facility where petitioner is confined).  If the petition is

28

                                              1

filed in the wrong district, the court may transfer the petition to the proper district pursuant to 28 U.S.C. § 1631 "if it is in the interest of justice." *See Miller v. Hambrick*, 905 F.2d 259, 262 (9th Cir. 1990).

Here, petitioner has filed his initial petition and an application to proceed *in forma pauperis*. This court has not yet screened the petition, ordered the defendant to respond, or issued any substantive orders or opinions. This court has no jurisdiction over petitioner's current custodian in West Virginia. Considering the early stage of this case and the long distance between this court and petitioner's place of confinement, I find it is in the interests of justice to transfer this case to the Southern District of West Virginia.

Pursuant to Local Rule 120(f), a civil action which has not been commenced in the proper court may, on the court's own motion, be transferred to the proper court. Therefore, this action will be transferred to Southern District of West Virginia.

**Order**

Accordingly,

1.     The case is transferred to the United States District Court for the Southern District of West Virginia.

2.     All future filings shall refer to the new case number assigned and shall be filed at:

United States District Court
Southern District of West Virginia
Robert C. Byrd United States Courthouse
300 Virginia Street, East, Suite 2400
Charleston, WV 25301

IT IS SO ORDERED.

Dated: _____December 24, 2019_____                    _____
                                                      UNITED STATES MAGISTRATE JUDGE

No. 206.

2